■ In the Matter of JOHN HAWKINS et al., Appellants-Respondents, v ALBERT T. HAYDUK et al., Respondents, and ALVIN JORDAN et al., Respondents-Appellants.—In a proceeding to invalidate petitions designating respondents-appellants as candidates in the Republican Party primary election to be held on September 9, 1975 for nomination for public offices as follows: Jordan for Town Supervisor, Patrick and Barth for Councilman, Blundell for Town Justice, Roberts for Town Clerk, and Green for Superintendent of Highways, these are cross appeals from a judgment of the

Supreme Court, Westchester County, entered August 18, 1975. Judgment affirmed, without costs, on the opinion of Mr. Justice Sullivan at Special Term. Gulotta, P. J., Rabin, Christ and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse and to grant the petition, with the following memorandum: Petitioners came into court, claiming that the two signatures found to be valid by the Board of Elections should have been invalidated. It is agreed that, if these two signatures were held to be invalid, the petition to invalidate should have been granted if the Board of Elections had correctly decided the invalidity of the rest of the signatures. Special Term held that the two signatures in question were invalid. This brought the signatures on the designating petition below the required number. Special Term then held that the determination made by the Board of Elections, which invalidated sheet No. 6, was incorrect and found the signatures on that sheet to be valid. In my opinion, Special Term had no jurisdiction to go into the validity of sheet No. 6 without a proceeding having been brought to validate the designating petition.